

# IN THE
# TENTH COURT OF APPEALS

No. 10-19-00336-CR

**DAMEON LAWS,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2009-145-C1**

## MEMORANDUM OPINION

Dameon Laws was apparently convicted of aggravated assault approximately 10 years ago and remains in prison. In his notice of appeal filed on September 25, 2019, Laws contends the trial court issued an order on September 10, 2019[1] which Laws wants to

---

[1] Although also labeled by Laws with the word, "CORRECTION" at the top and bottom of the document, we have determined this to be a new notice of appeal to an order purported to be signed on September 10, 2019. A previous notice of appeal to an order purported to be signed on August 26, 2019, was docketed by this Court's Clerk as 10-19-00304-CR. That appeal is being addressed in a separate opinion.

appeal.  The trial court clerk has informed this Court that no action has been taken in the trial court case since 2016.

In a document attached to the notice of appeal, Laws seeks to consolidate this appeal with an appeal he filed at the same time from a conviction in another county. Laws asserts that he is striving to be a good citizen while in prison, is going to school to receive a degree from Lee College while in prison, was on the A & B honor roll, was on the Dean's List for the Summer of 2019, and has worked in the prison system in the kitchen since 2013. As relief, he asks this Court to reduce his sentence to time served and reduce court cost and attorney's fees to a reasonable amount.[2]

Again, we applaud Laws for taking the opportunity to better himself while in prison.  However, we have no jurisdiction to grant any type of post-conviction relief.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (listing the courts which have jurisdiction of post-conviction relief; appellate courts not included).  Thus, we have no jurisdiction to grant the relief Laws requests.

Accordingly, this appeal is dismissed and all motions which have been filed herein are dismissed as moot.

A motion for rehearing may be filed within 15 days after the judgment of this Court is rendered.  *See* TEX. R. APP. P. 49.1.  If Laws desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within 30 days after either the day this Court's

---

[2] From the document filed with this Court, it appears that some of the cost or attorney's fees may have been ordered to be repaid as restitution.

judgment was rendered or the day the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Appeal dismissed
Motions dismissed
Opinion delivered and filed September 25, 2019
Do not publish
[CR25]

